**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3866-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLARENCE W. SIMMONS,

    Defendant-Appellant.

_____

Submitted October 15, 2025 – Decided October 24, 2025

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 19-12-2308.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Phuong V. Dao, Designated Counsel, on the brief).

William Reynolds, Atlantic County Prosecutor, attorney for respondent (Kristen Pulkstenis, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Clarence W. Simmons appeals from a July 8, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues his trial counsel was ineffective in not explaining that his five-year imprisonment sentence subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, included three years of parole supervision following his release. We affirm.

I.

In 2020, an Atlantic County grand jury indicted defendant for first-degree armed robbery with and/or threatening the immediate use of a deadly weapon, N.J.S.A. 2C:15-1(b) (count one); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count two); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count three); fourth-degree obstruction of the administration of law or other government function by means of flight, intimidation, force, violence, or physical interference or obstacle, N.J.S.A. 2C:29-1(a) and 2C:29-1(b) (count four); and fourth-degree certain persons not to have weapons or ammunition (knife), N.J.S.A. 2C:39-7(a) (count five).

On August 19, 2020, defendant pled guilty to an amended charge of second-degree robbery, N.J.S.A. 2C:15-1(b). In accordance with the plea

2

agreement, the other charges would be dismissed, with the recommended sentence of five years' imprisonment subject to NERA, which included periods of parole ineligibility and three years of parole supervision upon release.

Before pleading guilty, defendant reviewed and signed the plea form and the supplemental plea form for NERA. At his plea allocution, defendant admitted that on September 23, 2019, while at a bus station in Pleasantville, he engaged in a confrontation with the victim. Defendant testified that he attempted to take items from the victim, including grocery bags, by force, by swinging his arm. Defendant admitted that his swing at the victim constituted force against the victim.

Defendant was sentenced in accordance with the recommended sentence as part of the plea agreement along with fines and penalties. Defendant filed a PCR petition challenging the constitutionality of the NERA statute and claims of ineffective assistance of trial counsel.

On June 5, 2024, the PCR court heard oral arguments on defendant's PCR petition and reserved decision. On July 8, 2024, the PCR court issued a twelve-page letter decision denying the petition. The PCR court determined defendant

failed to establish a prima facie Strickland/Fritz[1] claim because he did not overcome the strong presumption that his trial counsel was not deficient.

The PCR court found the record established that defendant had reviewed and signed the plea form and supplemental plea form for NERA cases. On the supplemental plea form for NERA, defendant checked the box next to the question that explained he would be subject to three years of parole supervision based on his second-degree crime. In addition, the PCR court observed defendant informed the plea court that he reviewed all of the plea forms with his trial counsel, read them, signed them, and understood the consequences of his guilty plea.

The PCR court noted the sentencing court stated defendant "does have parole supervision upon release of three years," and therefore, trial counsel was not ineffective by not informing defendant of the parole time under the first Strickland/Fritz prong. The PCR court reasoned that defendant "had knowledge of the parole" period.

---

[1] Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

A-3866-23

The PCR court also concluded defendant failed to demonstrate prejudice or an unjust result under the second Strickland/Fritz prong. A memorializing order was entered. This appeal followed.

On appeal, defendant presents the following points for our consideration:

POINT I

BECAUSE DEFENDANT MET HIS BURDEN TO ESTABLISH A CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED WHEN IT DENIED HIS PCR PETITION.

A. Defendant did not make an informed guilty plea.

POINT II

AS THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, THE PCR COURT ERRED WHEN IT DENIED DEFENDANT'S PCR WITHOUT AN EVIDENTIARY HEARING.

II.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland/Fritz test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58 (adopting the Strickland two-prong test in New Jersey). Under prong one, a defendant must establish that

5

"counsel's representation fell below an objective standard of reasonableness." State v. Alvarez, 473 N.J. Super. 448, 455 (App. Div. 2022) (quoting Strickland, 466 U.S. at 688) (internal quotation marks omitted). Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Ibid. (quoting Strickland, 466 U.S. at 694) (internal quotation marks omitted).

When a defendant has pled guilty, he or she must also establish "that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial." State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)) (internal quotation marks omitted). In that regard, defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." State v. Vanness, 474 N.J. Super. 609, 624 (App. Div. 2023) (quoting State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014)) (internal quotation marks omitted).

Having conducted a de novo review of the record, we are satisfied that defendant failed to establish his prima facie right to PCR. Defendant was clearly made aware of the three years of parole included in his sentence. At his plea allocution, defendant was questioned as follows:

COURT: Sir, I have in front of me a copy of the full plea form and it has your initials and your signature. Do you remember going over that with your attorney?

DEFENDANT: Yes.

COURT: And did you read it, sir?

DEFENDANT: Yes.

COURT: Do you understand it?

DEFENDANT: Yes.

COURT: Do you have any questions about it?

DEFENDANT: No.

Moreover, the supplemental plea form for NERA cases, question two, states:

Do you understand that because you have pled guilty to these charges the court must impose a . . . year term of parole supervision and that term will begin as soon as you complete the sentence of incarceration?

First Degree Term of Parole Supervision - 5 years

Second Degree Term of Parole Supervision - 3 years

Defendant checked the box next to question two "Yes" that indicated he would be subject to three years of parole supervision. Indeed, the record shows the "Second Degree Term of Parole Supervision—3 years" is underlined on the

7

form. When questioned by the plea court, defendant acknowledged that he had reviewed all of the plea forms, understood them, signed, and initialed them.

Defendant makes an assertion in his counseled PCR brief that the signatures on the documents are "different" but did not support his claim with an affidavit or certification pursuant to Rule 1:4-4 based on personal knowledge of the declarant. Accordingly, defendant's claims were merely bald assertions and do not support an ineffective assistance of counsel claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

In the context of PCR, a defendant is entitled to an evidentiary hearing if the defendant demonstrates "a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief." State v. Porter, 216 N.J. 343, 354 (2013) (alteration in original) (quoting R. 3:22-10(b)).

The mere raising of a claim for PCR, however, does not entitle the defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. Rather, as a threshold matter, before a PCR court grants an evidentiary hearing, it should determine whether the defendant has presented a claim for ineffective assistance of counsel; material issues of disputed facts are outside of the record; and

resolution of the issues necessitates a hearing. R. 3:22-10(b). When making such a determination, the PCR court must consider the facts in a light favorable to the defendant. State v. Preciose, 129 N.J. 451, 462-63 (1992).

Applying these principles to the matter before us, we are convinced the PCR court did not abuse its discretion in denying defendant an evidentiary hearing on his PCR claim. Here, defendant's "allegations are too vague, conclusory, or speculative" to warrant an evidentiary hearing. State v. Marshall, 148 N.J. 89, 158 (1997).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3866-23